UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:23-CR-00222-RJC-SCR-1

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| DARRELL EUGENE DIGSBY | ) | |
| | ) | |
| | ) | |

**THIS MATTER** is before the Court upon Defendant's Motion to Dismiss the Indictment, (Doc. No. 27), and the Government's Response in Opposition, (Doc. No. 28). For the reasons that follow, the Court **DENIES** Defendant's motion.

I. BACKGROUND

Darrell Digsby ("Defendant") is charged with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). (Doc. No. 1). It appears that he has been convicted of the following felonies: robbery with a dangerous weapon, assault with a deadly weapon inflicting serious injury, possession of a firearm by a felon (twice), common law robbery, first-degree kidnapping, and second-degree rape. (Doc. No. 11: Pretrial Services Report at 6, 8).

Defendant argues that § 922(g)(1) is unconstitutional facially and as applied to him, relying on the Supreme Court's recent decision in *New York State Rifle & Pistol Assoc., Inc. v. Bruen*, 597 U.S. 1 (2022). (Doc. No. 27: Motion at 1-2). He claims that his possession of a firearm for self-defense was presumptively protected by the Second Amendment and that the Government bears the burden of rebutting that presumption by showing that the statute is consistent with American tradition. (*Id.*).

The Government responds with alternative arguments: (1) the Fourth Circuit's decisions in *United States v. Moore*, 666 F.3d 313 (2012), and *Hamilton v. Pallozzi*, 848 F.3d 614 (2017), upholding the constitutionality of § 922(g)(1) remain good law following *Bruen*; and (2) the Second Amendment's text and history allow the disarming of felons under *Bruen*. (Doc. No. 28: Response at 1). The Court agrees that § 922(g)(1) is constitutional, facially and as applied to Defendant, following *Bruen*.

II. DISCUSSION

A. Facial Challenge

While Defendant's motion was pending, the Fourth Circuit affirmed that "Section 922(g)(1) is facially constitutional because it has a plainly legitimate sweep and may be constitutionally applied in at least *some* set of circumstances." *United States v. Canada*, 103 F.4th 257, 258 (2024) (italics in original; internal quotation marks omitted); se*e also Moore*, 666 F.3d at 319) ("Since clearly there are cases where felon firearm possession is constitutionally limited, 18 U.S.C. § 922(g)(1) survives a facial challenge."). Accordingly, Defendant's facial challenge to § 922(g)(1) fails.

B. As-Applied Challenge

The Fourth Circuit requires that, "in an as-applied challenge to a presumptively lawful firearms regulation, a litigant claiming an otherwise constitutional enactment is invalid as applied to him must show that his factual circumstances remove his challenge from the realm of ordinary challenges." *Hamilton*, 848 F.3d at 624 (*quoting Moore*, 666 F.3d at 320) (internal quotation marks omitted).

In *Moore*, the defendant, who had prior felony convictions for selling or delivering cocaine, three common law robberies, and two assaults with a deadly weapon on a government official, said he carried "the gun to protect himself from being robbed." 666 F.3d at 315. Moore asserted that he had the right of a law-abiding, responsible citizen to possess and carry a weapon for self-defense. *Id.* at 319.

In *District of Columbia v. Heller,* 544 U.S. 570, 592, 635 (2008), the Supreme Court recognized the Second Amendment codified a pre-existing "right of law-abiding, responsible citizens to use arms in defense of hearth and home." However, the high court cautioned that "nothing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons …" *Id.* at 626. The Fourth Circuit applied *Heller* to find that Moore's multiple felonies "clearly demonstrate that he is far from a law-abiding, responsible citizen." *Moore*, 666 F.3d at 319-20; *see also Hamilton*, 848 F.3d at 629 (rejecting as-applied challenge where defendant had not been pardoned or had felony conviction overturned). Additionally, the appellate court found Moore's "fear of being robbed" was too vague and unsubstantiated to remove his case from the typical felon-in-possession case. *Moore*, 666 F.3d at 320. Accordingly, § 922(g)(1) was constitutional as applied to him. *Id.*

The Supreme Court's subsequent decision in *Bruen* does alter that precedent. Just as *Heller* recognized "the right of an ordinary, law-abiding citizen to possess a handgun in the home for self-defense," <u>Bruen</u> recognized "that ordinary, law-abiding

3

citizens have a similar right to carry handguns publicly for their self-defense." 597 U.S. at 8-10. Justices in the majority and the dissent affirmed that nothing about the opinion disturbed *Heller*'s upholding prohibitions against felons possessing firearms. *Id.* at 72 (Alito, J. concurring), 81 (Kavanaugh, J., joined by Roberts, C.J., concurring), 129 (Breyer, J., joined by Sotomayor, J. and Kagan, J., dissenting). Therefore, the Fourth Circuit's reliance on *Heller* in *Moore* and *Hamilton* remains good law following *Bruen* and is binding on this Court.

Here, as in *Moore*, Defendant has not shown that the presumptively lawful regulatory measure of the long-standing prohibition on firearm possession by a felon is unconstitutional as applied to him. Defendant's felony record is even more extensive and violent than Moore's, including two robberies, a second-degree rape, a first-degree kidnapping, an assault with a deadly weapon, and two felon-in-possession convictions. (Doc. No. 11: Pretrial Services Report at 6, 8). Thus, he fails the "law-abiding citizen requirement," rendering his conduct outside the protection of the Second Amendment. Like Moore, Defendant asserts an entitlement to carry a firearm for "the purpose of self-defense." (Doc. No. 27: Motion at 7). His reason for possessing the firearm is just as vague and unsubstantiated as Moore's, failing to distinguish his case from the realm of ordinary challenges. Accordingly, § 922(g)(1) is constitutional as applied to Defendant.

III. CONCLUSION

**IT IS, THEREFORE, ORDERED** that the defendant's Motion to Dismiss the Indictment, (Doc. No. 27), is **DENIED**.

4

The Clerk is directed to certify copies of this Order to Defendant and the United States Attorney.

Signed: July 31, 2024

_____
Robert J. Conrad, Jr.
United States District Judge